Matter of the Estate of JULIUS MILLER, Deceased.

(Surrogate's Court, New York County, June, 1921.)

Executors and administrators — compulsory accounting — rent collected — objections to account — Code Civ. Pro. § 2726.

Where it appears from the account of executors filed in a compulsory proceeding under section 2726 of the Code of Civil Procedure that a part of a certain amount of cash collected is rent of real estate, which is accounted for in a number of lump sums without date or any definite information from which properties said sums were received, the petitioner, upon filing objections to such account, will be granted an order directing the executors to file a further and more complete account of their proceedings.

PROCEEDINGS upon accounting.

I. Gainsburg, for executors.

Dusenbury & Vass, for petitioner.

FOLEY, S. Letters testamentary were issued to the executors on May 27, 1918. The date fixed by the will for final distribution does not justify the course taken by the executors. As more than a year has elapsed, the petitioner is entitled to a final accounting. Code Civ. Pro., § 2726. A compulsory proceeding

was brought and the executors have filed what they claim is a " preliminary " accounting in pursuance to an order requiring them to file an account. Objections were filed by the petitioner and the matter was referred to a referee. Motion is now made before the surrogate for an order directing the executors to file a further and more complete account of their proceedings. From the account filed it appears that the executors have collected $197,000 in cash. Of this amount $155,000 are rents of real estate. This amount is accounted for in nine lump sums, without date or any definite information from which properties the sums were received. Similarly expenditures of over $122,000 are listed in thirteen lump items. The stand taken by the executors is arbitrary and improper. The interests of the petitioner are substantial and should not be treated summarily. I have no doubt that the filing of a proper account would best serve the interests of all concerned and obviate the filing of numerous objections. Under the general equitable powers of the surrogate (Code Civ. Pro., § 2510, subd. 3), he has the power to direct and control the conduct and settle the accounts of executors, administrators and testamentary trustees. I therefore direct that the executors file a properly itemized account. Code Civ. Pro., § 2726. The petitioner is entitled to it and the order, dated April 14, 1921, requires it. This is imposing no onerous duty on the executors as they admit in filed papers that they have employed accountants and that all the data necessary is in their possession. I may add that if this direction is not complied with, and the estate is subjected to the expense of a long reference, I will take under advisement at the proper time, charging the executors personally with the expense thereof.

Decreed accordingly.